**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**Kristy Dawn Deleon**                                                                                                    **Plaintiff**

v.                                            No. 4:14-CV–00628 BSM-JTR

**Carolyn W. Colvin, Acting Commissioner,
Social Security Administration**                                                                          **Defendant**

**Instructions for Recommended Disposition**

The following recommended disposition was prepared for U.S. District Judge Brian S. Miller. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Kristy Dawn Deleon seeks judicial review of the denial of her third application for social security disability benefits.[3] In the past, Deleon worked as a medical assistant and a cardiac technician. She lost her last job when she became ill during the job's probationary period.[4]

Initially, Deleon alleged disability beginning July 3, 2010 — the day after the denial of the second application — but she amended her onset date to July 7, 2011.[5] She based disability on fibromyalgia, degenerative discs, high blood pressure, sinus tachycardia, panic attacks, asthma, right hand neuropathy, and left hand arthritis.[6]

**The Commissioner's decision**. The ALJ identified severe impairments — Sjogren's syndrome,[7] fibromyalgia, and degenerative disc disease[8] — and determined

---

[3]SSA record at pp. 123 & 129 (applying on May 11, 2012 and alleging onset July 3, 2010). The Commissioner granted the first application and awarded benefits for the time period Jan. 4, 2004 to Jan. 18, 2006. *Id*. at p. 17. The Commissioner denied the second application on July 2, 2010. This court affirmed the decision denying the application. *See* cause no. 4:10CV1465.

[4]SSA record at p. 221.

[5]*Id*. at p. 50.

[6]*Id*. at p. 149.

[7]Sjogren's syndrome is a disorder of the immune system. The most common symptoms are dry eyes and dry mouth.

[8]*Id*. at p. 19.

Deleon can do some light work.[9]  After consulting a vocational expert, the ALJ determined Deleon can do her past work as a medical assistant[10] and denied the application.[11]

After the Appeals Council denied review,[12] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[13]  Deleon filed this case to challenge the decision.[14]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Deleon's allegations**.  Deleon maintains substantial evidence does not support the decision.  She contends her rheumatologist's medical statement and limitations reported by the agency examiner deserved more weight.  She characterizes the evaluation of her credibility as paying lip service to her subjective complaints; she contends the ALJ ignored medication side effects in determining her ability to work.

---

[9] *Id.* at p. 21.

[10] *Id.* at p. 32.

[11] *Id.* at p. 33.

[12] *Id.* at p. 1.

[13] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14] Docket entry # 1.

These issues, she says, resulted in a deficient hypothetical question.[15]

**Applicable legal principles**. When reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Deleon can do some light work and Deleon can do her past work.[17] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[18] The ALJ required light work involving occasional stooping, crouching, crawling, and kneeling.[19] The question for the court is whether a reasonable mind will accept the evidence as adequate to show Deleon can work within these parameters.

---

[15]Docket entry # 10.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[17]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[18]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[19]SSA record at p. 21.

A reasonable mind will accept the evidence as adequate for the following reasons:

1. **Treatment controls Deleon's impairments**. "An impairment which can be controlled by treatment or medication is not considered disabling."[20] Deleon receives regular medical treatment. Her medical conditions are stable.[21] Medical providers documented no functional limitation. Deleon has some tenderness in a few joints that may flow from fibromyalgia and some back pain that may flow from minor degenerative changes in the cervical spine,[22] but " the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[23] The evidence shows nothing preventing light work.

2. **The evidence indicates Deleon over-stated her pain**. The crux of Deleon's claim is pain. Deleon was pregnant on her amended onset day, but she says her pain is worse since she had her baby. "Pain … can cause physical disability, but pain is largely subjective; thus, in

---

[20]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[21]SSA record at p. 249 (July 7, 2011: anxiety and fibromyalgia stable on medication), p. 260 (May 21, 2012: blood pressure controlled on medication), p. 383 (June 29, 2012: blood pressure and muscle spasms stable), p. 395 (Sept. 19, 2012: responding to treatment), p. 409 (June 11, 2013: Sjogren's syndrome and fibromyalgia doing fairly well, tolerable pain in fingers and ankles), p. 417 (Oct. 1, 2013: anxiety and insomnia stable on medication), p. 408 (Oct. 10, 2013: Sjogren's syndrome and fibromyalgia doing well), p. 413 (Nov. 26, 2013: muscle spasms and anxiety controlled with medication) & p. 427 (Jan. 29, 2014: anxiety well controlled with medication).

[22]*Id*. at p. 386 (June 29, 2012: positive for tenderness in back), p. 365 (July 3, 2012: generalized tenderness in abdomen, hands, and shoulder with palpation), p. 389 (July 24, 2012: tenderness in neck, mid-back and low back) & p. 411 (May 10, 2013: tenderness in all joints and muscles in arms, neck and ankles).

[23]*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

evaluating pain, ALJs must rely on circumstantial evidence."[24] The ALJ properly relied on the medical evidence, the conservative nature of medical treatment, and Deleon's activities of daily living to discount subjective allegations. Deleon lives independently, takes care of an infant and a teenage son, drives, and completes household chores. A reasonable mind will accept the evidence as adequate to show she over-stated her pain.

3. **The challenged medical statements are inconsistent with the record as a whole**. Deleon relies on a medical statement from her rheumatologist reporting disabling symptoms[25] and a form by the agency physical examiner reporting severe limitations in the ability to walk, stand, sit, lift, carry, handle, finger, see, hear, and speak.[26] The ALJ gave the statements little weight. Deleon contends the statements deserved more weight, but the "ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole."[27] Treatment notes and medical findings contradict reported limitations.

The rheumatologist's treatment notes reported that Deleon was doing well.[28] The rheumatologist documented no functional limitation. The physical examiner documented difficulty walking on heels, a slightly diminished left-hand grip, generalized tenderness in the abdomen and hands with palpation, and slightly diminished ranges of motion in the left shoulder, neck and low back,[29] but nothing suggesting severe limitations

---

[24]*Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995).

[25]SSA record at pp. 443-44.

[26]*Id*. at p. 367.

[27]*Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

[28]SSA record at pp. 408-09.

[29]*Id*. at p. 365 (generalized tenderness in abdomen with palpation, left shoulder forward flexion of 145 degrees as compared to 150 degrees, 60 degrees of rotation of

with walking, standing, sitting, lifting, carrying, handling, fingering, seeing, hearing, or speaking.[30] It was proper to give the statements little weight.

4. **Vocational evidence supports the decision**. A vocational expert classified Deleon's past work as a medical assistant as light work, her work as a home health aide as medium work, and her work as a cardiac technician as sedentary work.[31] After determining Deleon's ability to work, the ALJ asked the vocational expert about available light work involving occasional stooping, crouching, crawling, and kneeling. No reason existed for asking about nausea because no evidence suggested that nausea poses limitations and Deleon has anti-nausea medication.

The vocational expert stated that a person who can do light work involving occasional stooping, crouching, crawling, and kneeling can work as a medical assistant.[32] This evidence shows Deleon can do her past work as a medical assistant. Because a claimant who can do her past work is not disabled under social security disability law,[33] the ALJ properly denied the application.

---

neck as compared to 80 degrees, 60 degrees of flexion in low back compared to 90 degrees) & p. 366 (off balance walking on heels, muscle weakness and 95% grip strength in left hand).

[30]*See, e.g., id.*, at p. 364 (corrected vision more than 20/20), p. 365 (no problems with hearing) & p. 366 (can hold apen and write, touch fingertips to palms, oppose thumb to fingers, pick up coin, stand/walk without assistive device, walk on toes, squat and rise).

[31]*Id.* at p. 63.

[32]*Id.* at pp. 63-64.

[33]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

## Conclusion and Recommended Disposition

A reasonable mind will accept the evidence as adequate to support the decision, and thus, substantial evidence supports the decision. Deleon's impairments do not prevent her from working as a medical assistant. The ALJ made no reversible legal error. For these reasons, the undersigned magistrate judge recommends DENYING Deleon's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 17th day of November, 2015.

*[signature]*
United States Magistrate Judge